**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Case No. 14-cr-00201-JLK**

**THE UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1. URIEL ALFONSO YANEZ-RODRIGUEZ,**

**Defendant.**

---

# JURY INSTRUCTIONS

---

I intend to give the following instructions in this case. Objections, if any, may be made at the continued Final Trial Preparation Conference on Thursday, July 24, 2014.

DATED: July 22, 2014

BY THE COURT:

***s/John L. Kane***
John L. Kane, U.S. Senior District Judge

**INSTRUCTION NO. 1**

**PRELIMINARY INSTRUCTION – HOW TRIAL WILL PROCEED**

Members of the Jury:

In a moment I will give you some detailed instructions on this case and how you will go about reaching your decision. But first I will explain generally how this trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Special Assistant United States Attorney Geoffrey Rieman. The defendant, Uriel Alfonso Yanez-Rodriguez, is represented by his attorney Timothy O'Hara.

An Indictment is the legal document in which the government lists the criminal acts, or "counts," with which it is charging the defendant. It can be filled with legal terms and citations to statutes and regulations, and it is not necessary to read it to you word for word.

The Indictment in this case charges Uriel Alfonso Yanez-Rodriguez with one count as follows: On or about May 3, 2014, in the state and district of Colorado, the defendant, Uriel Alfonso Yanez-Rodriguez, an alien, was found in the United States after having been denied admission, excluded, deported, and removed from the United States on or about December 4, 2009, and without the express consent of the proper legal authority to reapply for admission to the United States.

The charge made by the government against the defendant, Mr. Yanez-Rodriguez, is not evidence of guilt or anything else. Likewise, Mr.

Yanez-Rodriguez pleaded not guilty to this charge and is therefore presumed innocent, but his plea also is not evidence. Mr. Yanez-Rodriguez may not be found guilty of any charge unless all twelve of you unanimously find that the government has proved every material element of the charge beyond a reasonable doubt.

The first step in the trial will be your selection as jurors. The second step is my reading of the jury instructions to you. Next will be the opening statements. The government in its opening statement will tell you what evidence it intends to put before you. Just as the Indictment is not evidence, neither is the opening statement. Its purpose is to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, Mr. Yanez-Rodriguez's attorney will make an opening statement. Likewise, his opening statement is not evidence, but is intended to inform you of Mr. Yanez-Rodriguez's defense against the charge.

Evidence will be presented from which you will have to determine the facts. You are the judges of the facts. The evidence will consist of witness testimony, documents and other things received into the record as exhibits, and any facts about which the government and the defendant agree or I tell you to accept as true. How much weight to give to the evidence is always up to you.

The government will offer its evidence first. After the government's evidence, Mr. Yanez-Rodriguez may present evidence, but he is not required to do so. I remind you that Mr. Yanez-Rodriguez is presumed innocent and it is the government that must

prove his guilt beyond a reasonable doubt. If Mr. Yanez-Rodriguez submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not refer to the question in your later deliberations. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose. ***Each of you is responsible for making sure that no juror bases a decision on matters not in evidence.***

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial and only the evidence received at trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject. After you have heard all the evidence on

both sides, the government and the defense will each be given time for their final arguments. These arguments are not evidence. After the closing arguments, I will again instruct you on the rules of law you are to use in reaching your verdict, and then you will go to the jury room to decide your verdict. You will have copies of the instructions with you throughout the trial and in the jury room.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case. I am only trying to bring out facts that you may consider. From time to time during the trial I may also direct your attention to particular instructions of law.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, one of you may believe a question is critical to reaching a decision on a necessary element of the case. In that situation, you may write out a question and provide it to the courtroom deputy at the next recess. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, I will tell you why and explain why such an answer cannot be given.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes. If you decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by

the notes of other jurors. If you do take notes leave them in the jury room at night and do not discuss the contents of your notes ***with anyone*** until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with Mr. Yanez-Rodriguez, or with any of the lawyers at all. Also, you should not discuss the merits of this case among yourselves until you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have again heard my instructions on the controlling rules of law before you deliberate among yourselves. In other words, keep an open mind and form no opinions until you can consider all the evidence and the instructions of law together.

During the course of the trial you will receive all the evidence you legally may consider to decide the case. Gathering any information on your own that you think might be helpful is against the law and would be a violation of your oath. Do not engage in any online or outside reading or research on this case, even including dictionaries or a bible, do not consult maps or attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom. Part of my job is to protect you from outside influences. ***Your job is to confine your decisions to what takes place in this courtroom.***

I wish I did not have to dwell on this topic, but recent events in this courtroom and around the United States, and recent technologies, require me to point out that some common practices and habits many of you enjoy are strictly forbidden in your role as jurors. You may not, under any circumstances, have your cell phones, blackberries, iphones or the like on when court is in session. ***Whether you are here or away from***

***the court during recess you may not "google, twitter, tweet, text message, blog, post" or anything else with those gadgets about or concerning anything to do with this case.*** To do so could cause a mistrial, meaning all of our efforts would have been wasted and we would have to start all over again with a new trial before a new jury. If you were to cause a mistrial by violating these orders, you could be subject to paying all the costs of these proceedings and perhaps punished for contempt of court.

This is not a trivial matter. In the past, after the evidence in a criminal case was completed and over the weekend recess, a juror, despite this order, "googled" maps on the internet that she thought were relevant to the case. I had to declare a mistrial and that juror is now facing contempt of court charges that can result in her being held in contempt of court, jailed and/or ordered to reimburse both the prosecution and the defense for the costs and fees incurred in that trial. Her actions compromised a years-long investigation and prosecution, violated the defendant's right to know and confront all of the evidence used against him, and caused all of the time expended by the court, counsel and her fellow jurors to hear the case to have been wasted.

What you may do is advise anyone who needs to know, such as family members, employers, employees, schools, teachers, or daycare providers that you are a juror in a case and the judge has ordered you not to discuss it until you have reached a verdict and been discharged from the case. At that point you will be free to discuss this case or investigate anything about it to your heart's delight.

If during the course of the trial you believe there is anything you need to know, please write down your request and give it to the courtroom deputy. The deputy will

give it to me and we will provide you with the information or explain why it cannot be provided.

***Fairness to all concerned requires that all of us connected with this case deal with the same information and with nothing other than the same information produced in this courtroom.*** The reason for this is that your decision in this case must be made solely on the evidence presented at the trial. Finally, I note that the court reporter is making stenographic notes of everything that is said. This is required in case there are any appeals. You will not have a typewritten copy of the testimony available for your use during deliberations. A transcript must be reviewed and corrected before it can be certified. Both the prosecution and the defense have the right to examine and object to any perceived errors in the transcript. This is a time-consuming process that cannot be completed in time for you to use it. On the other hand, any exhibits admitted at trial will be available to you during your deliberations.

## INSTRUCTION NO. 2

## INSTRUCTIONS ARE BINDING

In any jury trial there are, in effect, two judges. I am one of the judges; you are the other. I am the judge of the law. You, as jurors, are the judges of the facts.

It is my duty to preside over the trial and decided what evidence is proper for your consideration. When I exclude evidence, I am saying that evidence may not legally be considered by you. I am not telling you what is true or not true. It is your responsibility to decide that based on the evidence that you can legally consider.

It is also my duty to explain to you the rules of law that you must follow and apply in arriving at your verdict. In explaining the rules of law that you must follow, I will first give you some general instructions which apply in every criminal case--for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdict you may return. These instructions will be given to you for use in the trial and in the jury room, so you may, but need not, take notes.

## INSTRUCTION NO. 3

## DUTY TO FOLLOW ALL INSTRUCTIONS

Again, you are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You may not disregard or give special attention to any one instruction, or question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

***In your deliberations you must see to it that no one else on the jury ignores the instructions or attempts to decide the case on anything other than the law and the evidence.*** It is always to be born in mind that our collective commitment is to equal justice under the law. Matters of race, creed, color, nationality and gender have no place in this process. To the best of your ability you are to judge others as you would want others to judge you under the law I give you. ***The very heart of justice is that all apply the same law to the same evidence and leave our personal desires out of it.***

You should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you. It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**INSTRUCTION NO. 4**

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF AND REASONABLE DOUBT**

The charge against Mr. Yanez-Rodriquez is not evidence of guilt. Indeed, Mr. Yanez-Rodriquez is presumed by the law to be innocent. The law does not require Mr. Yanez-Rodriquez to prove his innocence or produce any evidence at all. The government has the burden of proving Mr. Yanez-Rodriquez guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Yanez-Rodriquez not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Yanez-Rodriquez's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Yanez-Rodriquez's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all evidence in the case. It is a doubt based on the evidence and not on a hunch, a guess or a whim.

If, based on your consideration of the evidence, you are firmly convinced that Mr. Yanez-Rodriquez is guilty of the crime charged, you must find him guilty of that crime. If on the other hand, you think there is a real possibility that the government failed to prove his guilt, you must give him the benefit of the doubt and find him not guilty.

## INSTRUCTION NO. 5

### What is Evidence, What is not Evidence

You must make your decision based only on the evidence that you see and hear [saw and heard] here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses say [said] while they are [were] testifying under oath, the exhibits that I allow [allowed] into evidence, the stipulations that the lawyers agree [agreed] to and I accept [accepted], and the facts that I judicially notice [noticed]. Judicial notice is my recognition of commonly accepted facts such as time, date and place, as well as matter such as existing government regulations.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I will not [did not] let you hear the answers to some of the questions that the lawyers ask [asked]. I may also rule [also ruled] that you cannot see some of the exhibits that the lawyers want you to see. And sometimes I may order [ordered] you to disregard things that you see or hear [saw or heard], or I may strike [struck] things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**INSTRUCTION NO. 6**

**EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES**

Generally speaking, two types of evidence are available from which you may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits; inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense lead you to draw from the facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**INSTRUCTION NO. 7**

**JUDGING THE EVIDENCE**

There is nothing particularly different in the way a juror should consider the evidence in a trial from that which any reasonable and careful person would deal with in any very important question that must be resolved by examining facts, opinions and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case.

Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant has been proven guilty beyond a reasonable doubt, say so. If he has not been proven guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict on anything other than the evidence received in the case and the instructions of the court.

## INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

It is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or “believability” of each witness and the weight to be given to the witness’ testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. This includes Mr. Yanez-Rodriguez, if he chooses to testify.

You should think about the testimony of each witness you hear (have heard) and decide whether your believe all of any part of what each witness had to say, and have important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to

do with a material fact or with an unimportant detail. You should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

If he testifies, the testimony of Mr. Yanez-Rodriguez should be weighed and his credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decision simply because there were more witnesses on one side than on the other. Look to the quality rather than the quantity of the testimony.

**INSTRUCTION NO. 9**

**VOLUNTARINESS OF STATEMENT BY DEFENDANT**

Evidence that Mr. Yanez-Rodriguez made a statement after the commission of the crime charged in this case but not made in court should always be considered by you with caution and weighed with care. Any such statement should be disregarded entirely unless you find by a preponderance of all the evidence that the statement was made knowingly and voluntarily.

In determining whether any such statement was knowingly and voluntarily made you should, for example, consider the age, gender, training, education, occupation, and physical and mental condition of the person making the statement, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

If, after considering all this evidence, you conclude by a preponderance of the evidence that the defendant's statement was made knowingly and voluntarily, you may give such weight to the statement as you feel it deserves under all the circumstances.

## INSTRUCTION NO. 10

## CAUTION – PUNISHMENT

If you find the defendant, Uriel Alfonso Yanez-Rodriguez guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

## INSTRUCTION NO. 11

## "ON OR ABOUT"

The indictment charges that the defendant was found "on or about" May 3, 2014 and that he was previously excluded, deported, or removed from the United States "on or about" December 4, 2009. The government must prove beyond a reasonable doubt that those events happened reasonably near the dates alleged.

## INSTRUCTION NO. 12

## EXPERT WITNESSES

A witness qualified as an expert by education, training, or experience may state opinions. You should judge expert testimony just as you would judge any other testimony. You may accept it or reject it, in whole or in part. You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

**INSTRUCTION NO. 13**

**SIMILAR ACTS**

You have heard evidence of other acts engaged in by the defendant, Uriel Alfonso Yanez-Rodriguez. You may consider that evidence only as it bears on the defendant's motive, intent, knowledge, absence of mistake or accident and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

## INSTRUCTION NO. 14

## CAUTION-CONSIDER ONLY CRIME CHARGE

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

**INSTRUCTION NO. 15**

**CONJUNCTIVE-DISJUNCTIVE**

Some counts of the indictment may accuse a defendant of violating the same statute in more than one way. In other words, the indictment may allege that the statute in question was violated by various acts which are in the indictment joined by the conjunctive "and", while the statute and the elements of the offense are stated in the disjunctive, using the word "or." In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged. In order for you to return a guilty verdict, however, all twelve of you must agree that the same act has been proven.

## INSTRUCTION NO. 16

## KNOWINGLY-DELIBERATE IGNORANCE

When the word ‘‘knowingly’’ is used in these instructions, it means the defendant was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact that he was in the United States, unless the defendant did not actually believe that he was in the United States.

## INSTRUCTION NO. 17

## REENTRY OF DEPORTED ALIEN

The defendant is charged with a violation of 8 U.S.C. section 1326(a). This law makes it a crime for an alien to enter or be found in the United States after having been deported, excluded, or removed from the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant was an alien at the time alleged in the indictment;

*Second*: the defendant had previously been excluded, deported, or removed from the United States;

*Third*: the defendant knowingly entered or was found in the United States.

*Fourth*: the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

An alien is a person who is not a citizen or national of the United States.

The government does not have to prove that the defendant intended to violate the law, or that the defendant knew he could not legally be within the United States.

**INSTRUCTION NOs. 18 & 19**

**8 U.S.C. § 1401 & 8 U.S.C. §1408**

**The government shall submit revised instructions for its Proposed Instructions Nos. 8 & 9 that set forth only the relevant portions of the statutory definitions.**

**INSTRUCTION NO. 20**

**Jury-Deliberations**

After the parties have made their closing arguments and I have instructed you for the final time, a court official will escort you to the jury room so you can begin your deliberations. You will have a copy of the instructions and verdict form that I will have just read, and any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you must elect your Presiding Juror. He or she will preside over your deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether it is guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it with your fellow jurors, and listened to the views of your fellow jurors. I offer some suggestions on how you might do this in the next jury instruction, entitled "Jury - The Deliberations Process."

One thing you should do in your deliberations is to follow these jury instructions and the verdict form. Not only will your deliberations be more productive if you understand the legal principles on which any verdict must be based, but for a verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, and you are bound by your oath to follow the law stated in these instructions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

If you need to communicate with me during your deliberations, the Presiding Juror should write a message and give it to the Court Security Officer. I will reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me, the Court Security Officer or anyone else not on the jury where you stand or what your vote might be until you have reached your verdict or I have discharged you.

Please bear in mind that a response takes considerable time and effort. I must first notify the attorneys to return to court. Then I must confer with them, consider their arguments and, decide upon the correct answer. In some instances further research might be required.

A verdict form has been prepared for your convenience. The Presiding Juror will write the unanimous answer of the jury in the space provided on the verdict form. At the conclusion of your deliberations, the Presiding Juror should date and sign the verdict form, and then all the other jurors should sign the verdict form. The Presiding Juror should then advise the Court Security Officer stationed outside the jury room that you have reached your verdict.

## INSTRUCTION NO. 21

### Jury-The Deliberation Process

Once you have elected your Presiding Juror as directed by the previous instruction, you are free to proceed as you agree is appropriate. Therefore, I am not directing you how to proceed, but I offer the following suggestions that other juries have found helpful so that you can proceed in an orderly fashion, allowing full participation by each juror, and arrive at a verdict that is satisfactory to each of you.

First, it is the responsibility of the Presiding Juror to encourage good communication and participation by all jurors and to maintain fairness and order. Your Presiding Juror should be willing and able to facilitate productive discussions even when disagreements and controversy arise.

Second, the Presiding Juror should let each of you speak and be heard before expressing his or her own views.

Third, the Presiding Juror should never attempt to promote nor permit anyone else to promote his or her personal opinions by coercion or intimidation or bullying of others.

Fourth, the Presiding Juror should make certain that the deliberations are not rushed to reach a conclusion.

If the Presiding Juror you select does not meet these standards, he or she should voluntarily step down or be replaced by a majority vote.

After you select a Presiding Juror you should consider electing a secretary who will tally the votes, help keep track of who has or has not spoken on the various issues, make certain that all of you are present whenever deliberations are under way and

otherwise assist the Presiding Juror.

Some juries are tempted to start by holding a preliminary vote on the case to "see where we stand." It is most advisable, however, that no vote be taken before a full discussion is had on the issue to be voted on, otherwise you might lock yourself into a certain view before considering alternative and possibly more reasonable interpretations of the evidence. Experience has also shown that such early votes frequently lead to disruptive, unnecessarily lengthy, inefficient debate and ineffective decision-making.

Instead, I suggest the Presiding Juror begin your deliberations by directing the discussion to establishing informal ground rules for how you will proceed. These rules should assure that you will focus upon, analyze and evaluate the evidence fairly and efficiently and that the viewpoints of each of you is heard and considered before any decisions are made. No one should be ignored. You may agree to discuss the case in chronological order or according to the testimony of each witness, or in the order of these instructions. Whatever order you select, however, it is advisable to be consistent and not jump from one topic to another.

To move the process of deliberation along in the event your reach a controversial issue, it is wise to pass it temporarily and move on to the less controversial ones and then come back to it. You should then continue through each issue in the order you have agreed upon unless a majority of you agrees to change the order.

It is very helpful, but certainly not required of you, that all votes be taken by secret ballot. This will help you focus on the issues and not be overly influenced by personalities. Each of you should also consider any disagreement you have with another juror or jurors as an opportunity for improving the quality of your decision and therefore

should treat each other with respect. Any differences in your views should be discussed calmly and, if a break is needed for that purpose, it should be taken.

Each of you should listen attentively and openly to one another before making any judgment. This is sometimes called “active listening” and it means that you should not listen with only one ear while thinking about a response. Only after you have heard and understood what the other person is saying should you think about a response. Obviously, this means that, unlike TV talk shows, you should try very hard not to interrupt. If one of you is going on and on, it is the Presiding Juror who should suggest that the point has been made and it is time to hear from someone else.

You each have a right to your individual opinions, but you should be open to persuasion. When you focus your attention and best listening skills, others will feel respected and, even while they may disagree, they will respect you. It helps if you are open to the possibility that you might be wrong or at least that you might change your mind about some issues after listening to other views.

Misunderstanding can undermine your efforts. Seek clarification if you do not understand or if you think others are not talking about the same thing. From time to time the Presiding Juror should set out the items on which you agree and those on which you have not yet reached agreement.

In spite of all your efforts, it is indeed possible that serious disagreements may arise. In that event, recognize and accept that “getting stuck” is often part of the decisionmaking process. It is easy to fall into the trap of believing that there is something wrong with someone who is not ready to move toward what may be an emerging decision. Such a belief is not helpful. It can lead to focusing on personalities rather than

the issues. It is best to be patient with one another. At such times slower is usually faster. There is a tendency to set deadlines and seek to force decisions. Providing a break or more time and space, however, often helps to shorten the overall process.

You may wish from time to time to express your mutual respect and repeat your resolve to work through any differences. With such a commitment and mutual respect, you will most likely render verdicts that leave each of you satisfied that you have indeed rendered justice.